# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | **CRIMINAL NO. 14-246** |
| | § | |
| | § | |
| FABIAN ANTONIO | § | |
| VENGOECHEA | § | |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and Sharad S. Khandelwal, Assistant United States Attorney, and Defendant Fabian Antonio Vengoechea ("Defendant"), and Defendant's counsel, pursuant to Rules 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1.      Defendant agrees to each of the following:

(a)      The Defendant agrees to plead guilty to the Count Two of the Indictment. Count Two charges Defendant with Wire Fraud in violation of 18 U.S.C. § 1343. By entering this plea, the Defendant agrees to waive any right to have the facts that the law makes essential to the punishment either charged in the Indictment or proved to a jury or judge beyond a reasonable doubt;

(b)      In addition, as more fully set forth in the Restitution section of this agreement, the Defendant agrees to pay full restitution to the victims

regardless of the count of conviction.  Defendant stipulates and agrees that as a result of his criminal conduct, the victims incurred a monetary loss of at least $746,300; and

(c)    In addition, as more fully set forth in the Restitution section of this agreement, Defendant agrees to the issuance of a Presentence Restitution Order requiring Defendant to make monthly restitution payments of $1000 into the registry of the Court until Defendant is no longer on conditions of release.  In addition, as more fully set forth in the Restitution section of this agreement, Defendant also agrees to make pre-sentence restitution payments equal to 100% of any proceeds received from the sale of his business, Accuven Business & Financial Services, Inc., so long as the total amount of pre-sentence restitution payments he makes does not exceed $746,300.

## Punishment Range

2.    The **statutory** maximum penalty for the violation of 18 U.S.C. § 1343 in Count Two is thirty years imprisonment, and a fine of up to $1,000,000.  Additionally, Defendant may receive a term of supervised release after imprisonment of not more than five years.   Defendant acknowledges and understands that if Defendant should violate the conditions of any period of supervised release which may be imposed as part of the sentence, then Defendant may be imprisoned for the entire term of supervised release not to exceed five years, without credit for time already served on the term of supervised release prior to such violation.   Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3.      Pursuant to 18 U.S.C. § 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction.  The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4.      Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.  Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Waiver of Appeal

5.      Defendant is aware that he has the right to appeal the conviction and sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.  Defendant knowingly and voluntarily agrees to waive the right to appeal the conviction and the sentence. Defendant is also aware that 28 U.S.C. § 2255 affords the right to contest or

"collaterally attack" a conviction or sentence after the conviction or sentence has become final. Defendant knowingly and voluntarily waives the right to contest his conviction or sentence by means of any post-conviction proceeding, except to such extent as Defendant's claim raises a claim of ineffective assistance of counsel.

6.    In exchange for this Agreement with the United States, Defendant waives all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations with respect to any prosecution that is not time barred on the date that this Agreement is signed, in the event that (a) Defendant's conviction is later vacated for any reason, (b) Defendant violates any provision of this Agreement, or (c) Defendant's plea is later withdrawn.

7.    In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that he may have received from Defendant's counsel, the United States or the Probation Office, is a prediction, not a promise, **did not induce his guilty plea**, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant further understands and agrees that the Sentencing Guidelines are effectively advisory to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that although the Court must consult

the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8.     Defendant understands and agrees that any and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement. **If Defendant instructs his attorney to file a notice of appeal at the time sentence is imposed or at any time thereafter, the United States will seek specific performance of any and all provisions of this Agreement.**

## The United States' Agreement

9.     The United States agrees to each of the following:

(a)     If Defendant pleads guilty to Count Two of the Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will agree to dismiss the remainder of charges in the Indictment and will agree that no additional criminal charges related to the violations contained in the Indictment will be brought against the Defendant in the Southern District of Texas; and

(b)     Should the Defendant accept responsibility as contemplated by the Sentencing Guidelines, the United States agrees not to oppose the Defendant's anticipated request to the Court that it impose a three level downward adjustment pursuant to U.S.S.G. § 3E1.1(a) and (b). If, however, the Defendant engages in conduct or otherwise acts in a manner inconsistent with acceptance of responsibility, or if the Pre-Sentence Investigation Report does not make a finding of acceptance of responsibility and does not make a recommendation for

a downward adjustment for acceptance of responsibility, the United States is not obligated to recommend or to refrain from opposing a downward adjustment for acceptance of responsibility;

(c)     The United States agrees to not oppose the Defendant remaining on his current conditions of release pending sentencing in this case, and further agrees to not oppose a delay of sentencing until **May 1, 2017,** so long as the Defendant complies with all of his pre-sentence bond conditions and:

> (1)     Defendant sells, or is the process of selling, his business, Accuven Business & Financial Services, Inc.;

> (2)     A condition of that sale is that Defendant remains employed by the new owner(s) of Accuven Business & Financial Services, Inc.;

> (3)     Defendant in fact remains employed by Accuven Business & Financial Services, Inc. or its successor;

> (4)     Defendant agrees that the proceeds of the sale of Accuven Business & Financial Services, Inc. shall be deposited into the Court's Registry to be used to pay his restitution debt; and

> (5)     Defendant continues to satisfy his presentence obligations, as more fully set forth in the Restitution section of this agreement.

### Agreement Binding - Southern District of Texas Only

10.     The United States agrees that it will not further criminally prosecute the Defendant in the Southern District of Texas for offenses arising from conduct

charged in the Indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney or any other unit of the Department of Justice. The United States will bring this plea agreement and the full extent of Defendant's cooperation, if any, to the attention of other prosecuting offices if requested.

## The United States' Non-Waiver of Appeal

11.     The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines. Specifically, the United States reserves the right:

(a)     to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2 and 18 U.S.C. § 3553(a); and

(e)     to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

12.     Defendant is aware that his sentence will be imposed after consideration of the Sentencing Guidelines, which are only advisory, as well as the provisions of 18 U.S.C. § 3553.  Defendant nonetheless acknowledges and agrees that the Court has the authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.  Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.  If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Defendant's Rights

13.     Defendant represents to the Court that Defendant is satisfied that his attorney has rendered effective assistance.  Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a)     If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel.  The trial could be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agreed.

(b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant.  Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them.  In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf.   If the witnesses for Defendant would not appear voluntarily, the Defendant could require their attendance through the subpoena power of the court.

(c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.  However, if Defendant desired to do so, Defendant could testify on his own behalf.

## Factual Basis for Guilty Plea

14.     Defendant is pleading guilty because he <u>is</u> guilty of the charges contained in Count Two of the Indictment.  If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt.  Defendant understands and agrees that the following facts, among others, would be offered to establish the Defendant's guilt:

(a)     From around 2005 through 2008, Fabian Antonio Vengoechea ("Defendant) was operating an accounting and tax preparation business.  During that time, one set of his client was a person whose initials were CMN.  In particular, CMN was over 70 years old at the time of these events.

(b)     In or about October 2008, the Defendant told CMN that he was starting an investment company and offered to invest their money with him.  Importantly, the Defendant *guaranteed* CMN a 2.5% monthly – or a 30% annual – rate of return on their investment.  In exchange, the Defendant asked for an initial fee of 2.5% per investment, as well as a monthly 10% fee on their trading profits.  The Defendant made these promises knowing that they were material to CMN's decision to invest, and knowing that they were false.

(c)     On or about November 14, 2008, CMN invested $205,000 with the Defendant -- $200,000 for the investment, and $5,000 in fees.  Thereafter, the Defendant purported to be paying the expected monthly rate of returns on their investment, as promised.

(d)     As part of a series of investments starting on or about November 14, 2008 through on or about June 18, 2010, in particular, on or about July 3, 2009, CMN wired to the Defendant approximately $102,500.  To complete this wire transfer, CMN used interstate wire communications facilities at the Defendant's direction, specifically by wiring the money from CMN account at Wachovia Bank to an account at Compass Bank controlled by the Defendant.

(d)     Behind the scenes, however, the Defendant was not investing CMN money as he had told CMN.  While a small part was invested, the vast majority was spent by the Defendant for his personal and business expenses.  Furthermore, the Defendant did not earn any return whatsoever on the small investments he did make using CMN's money.  Nonetheless, the Defendant gave CMN what he called monthly returns on CMN's investments to deceive CMN into thinking he was successfully investing CMN's funds.  In truth, however, this was not a return on CMN's investment, but was simply CMN's principal being recycled back to CMN.  When the Defendant recycled the principal to CMN, he knew that they were not actual returns on

investments, but he nonetheless called them returns on investments so as to persuade CMN to maintain his investments with the Defendant and to invest additional money with the Defendant.

(e)   In or about October 2010, CMN asked the Defendant to cancel his investment. Eventually, the Defendant admitted he did not have CMN's money.

(f)   In total, CMN gave $1,025,000 to the Defendant, of which $1,000,000 was to be his principal and $25,000 was to be the 2.5% initial fee. In total, the Defendant paid back to CMN $278,700 as purported returns on their investment. The total loss sustained by CMN was $746,300.

(g)   By these actions and others, the Defendant knowingly created a scheme to defraud and acted with the specific intent to defraud CMN. Furthermore, the Defendant's scheme to defraud employed false material representations.

## Breach of Plea Agreement

15.   If the Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand.   Defendant agrees that he breaches the plea agreement if Defendant knowingly withholds evidence, or if Defendant is not completely truthful with the United States.   In that event, the United States may move the Court to set aside the guilty plea and reinstate prosecution.   Furthermore, any and all information and documents that have been disclosed by Defendant, whether prior to or subsequent

to this plea agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

### Restitution, Forfeiture, and Fines

16.    Defendant agrees that neither he nor anyone acting on his behalf shall sell, transfer, alienate, encumber, pledge, withdraw, remove, conceal, dissipate, damage, dispose of, or take any action that would diminish the availability, marketability or value of real or personal assets in which Defendant has an interest (including but not limited to cash, bank and investment accounts, real estate, motor vehicles, watercraft, jewelry and coins, artwork, antiques, household furniture and furnishings, etc.) unless Defendant obtains the prior written permission of the United States, except that Defendant may use wages and bank accounts for reasonable living expenses to support himself and any dependents.

17.    This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) and providing it to the United States at least ten (10) days prior to the sentencing date. Every ninety (90) days thereafter, the Defendant shall update the financial statement under oath and submit it to the lead prosecutor on this case. Defendant agrees to authorize the release of all financial information requested by the United States, including but not limited to executing

authorization forms permitting the United States to obtain tax returns and information, bank account records, credit histories, and social security information. Defendant will re-authorize the release of such information upon request by the United States. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure. Defendant understands and agrees that any false information, in any form, that Defendant provides to the United States could result in the additional prosecution of Defendant.

18.   Defendant agrees to take all steps necessary to pass clear title to the United States for assets subject to restitution and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States. The United States does not waive any rights or remedies as a means to reimburse the crime victims. Nothing in this Agreement precludes the United States from pursuing statutorily permitted enforcement action and any and all remedies to collect restitution once a restitution order is imposed.

19.   Defendant agrees to waive any and all interest in any asset which is the subject of an administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state, that is related to conduct charged in the Indictment.

## Restitution

20.   Defendant agrees to pay full restitution to the victims regardless of the count of conviction.   **Defendant stipulates and agrees that as a result of his criminal conduct, the victims incurred a monetary loss of at least $746,300.**

(a)   Defendant understands and agrees that at sentencing, the Court will determine the amount of restitution to fully compensate the victims.   Defendant understands that the restitution amount imposed by the Court will be due and payable immediately and agrees that Defendant will not attempt to avoid or delay payment.

(b)   Defendant agrees to the issuance of a Presentence Restitution Order at this time, requiring Defendant to make monthly payments of $1000 toward the restitution obligation that will eventually be imposed against the Defendant.   On the first business day of each month following the date of this Plea Agreement, Defendant will make monthly payments into the registry of the Court (via cashier's checks or money orders to "Clerk, U.S. District Court" at P.O. Box 61010, Houston, Texas 77208) until Defendant is no longer on conditions of release. Defendant agrees that the monthly payment amount is based upon Defendant's current ability to pay and is subject to change in the future, whether increase or decrease.   If the Defendant contends that his financial circumstances have materially changed, the Defendant must submit sworn information about that change directly to the lead prosecutor for this case.   If the parties come to an agreement, then a new monthly payment amount could be submitted to the Court for approval.

(c)     Defendant agrees that if he receives a tax refund, he will within five (5) days of receipt pay funds into the registry of the Court towards the anticipated restitution debt.  If Defendant is single, the entire tax refund amount will be paid; and if Defendant is married, then half of the refund will be paid into the registry. Defendant understands that nothing in this Agreement prevents the United States from pursuing administrative offsets, including by the Internal Revenue Service, once a restitution order has been imposed.

(d)     Additionally, this Agreement is premised on the understanding that the Defendant is in the process of selling Accuven Business & Services, Inc.. If the contemplated sale to the prospective buyer occurs, the Defendant anticipates receiving approximately $800,000 in exchange for the business and his agreement to stay as a salaried employed by the business for one year.  The Defendant may receive this $800,000 over the course of months or years, depending on the financing and final terms of the sale agreement.  By this plea agreement, the Defendant also agrees to make any pre-sentence or post-sentence restitution payments equal to 100% of any proceeds received from the sale of his business, Accuven Business & Financial Services, Inc., so long as the total amount of pre-sentence restitution payments he makes does not exceed $746,300.

(e)     Defendant has agreed to make payments to the Court's Registry in order to reimburse the victims of his criminal offense.  He specifically agrees that the Court and/or U.S. District Clerk can disburse to the victims whatever payments he makes into the Court's Registry at any time, even though Defendant has not yet been sentenced, so that the victims can promptly receive that money.

Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

**Fines**

21.     Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Forfeiture

22.     Defendant stipulates and agrees that the factual basis for his guilty plea supports the forfeiture of at least $746,300 against him and in favor of the United States, and Defendant agrees to the imposition of a personal money judgment for that amount against him and in favor of the United States. Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Code, § 853(p) exists.

23.     Defendant waives any procedural rights the Defendant may have under Federal Rule of Criminal Procedure 32.2(b), including but not limited to the timing of the forfeiture order and the oral pronouncement of forfeiture at sentencing. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

24. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

25. Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

26. This written plea agreement, consisting of <u>19</u> pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

**[REST OF PAGE LEFT INTENTIONALLY BLANK]**

27.    Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _____Houston_____, Texas, on _____Feb 5_____,
2016.

_____
Fabian Antonio Vengoechea
Defendant


Subscribed and sworn to before me on _____Feb 5_____,
2016.

DAVID J. BRADLEY
UNITED STATES DISTRICT CLERK

By:    _____
Deputy United States District Clerk


APPROVED:

KENNETH MAGIDSON

UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF TEXAS

By:    _____          _____
Sharad S. Khandelwal                      Guy Womack, Esq.
Assistant United States Attorney          Counsel for the Defendant

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 14-246 |
| | § | |
| FABIAN ANTONIO | § | |
| VENGOECHEA | § | |

## PLEA AGREEMENT - ADDENDUM

I have fully explained to Defendant his rights with respect to the pending Indictment. I have reviewed the provisions of the Sentencing Guidelines, and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____         5 Feb / 16
Guy Womack, Esq.                         _____
Attorney for Defendant                   Date

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the Sentencing Guidelines which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement, and I voluntarily agree to its terms.

_____         2 5 2016
Fabian Antonio Vengoechea               _____
Defendant                                Date